United States District Court for the District of Massachusetts

Henry Ivers

Plaintiff, Pro Se

     :

     :

v.

National and Aeronautics and Space Administration ("NASA")

Defendant

Case No.

Jury Trial Requested

## Complaint

1) Ivers is an individual and resides in Swampscott, MA.

2) National Aeronautics and Space Administration ("NASA") is a United States Government Agency.

3) Plaintiff does not currently make a complaint against NASA seeking the award of money damages.

4) Plaintiff seeks injunctive relief in the nature of a writ of mandamus, over proceedings involving which writ this Court has jurisdiction. All Writs Act, 28 U.S.C. §1651(a)

5) NASA's Mission Statement publicly available as advanced is NASA will,

   a) Drive scientific advancement.

   b) Safety is a priority.

   c) Pioneer space exploration.

   d) Pioneer scientific discovery.

   e) Solving unsolvable problems.

f) Better understand the solar system and beyond.

g) Enable the development of Space.

h) Research, develop, and verify and transfer advanced aeronautics.

i) Keep America capable and competitive.

6) Ivers has does years of work to further and help NASA and NASA fails reasonably to analyze a Patent that transforms NASA's very existence. What advances every purpose of NASA because the science did not come from NASA itself, wherein NASA and their scientists' have direct pecuniary interests. This is wrong and antithetical to your Stated Mission, and antithetical to:

7) NASA's own governing agency laws and duties as clearly set out in the National Aeronautics and Space Act of 1958 as follows.

Sec. 102(c) The aeronautical and space activities of the United States shall be conducted so as to contribute material to one or more of the following objectives:

(1) The expansion of human knowledge of phenomenon in the atmosphere and space;

(2) The improvement of the usefulness, performance, speed, safety, and efficiency of aeronautical and space vehicles;

(3) The development and operation of vehicles capable of carrying instruments, equipment, supplies and living organisms through space;

(4) The establishment of long-range studies of the potential benefits to be gained from, the opportunities for, and the problems involved in the

utilization of aeronautical and space activities for peaceful and scientific purposes;

(5) The preservation of the role of the United States as a leader in aeronautical and space science and technology and the application thereof to the conduct of peaceful activities within and outside the atmosphere

(6) The making available to the agencies directly concerned with national defenses of discoveries that have military value or significance, and the furnishing by such agencies, to the civilian agency established to direct and control nonmilitary aeronautical and space activities, of information as to discoveries which have value or significance to that agency;

(7) Cooperation by the United States with other nations and groups of nations in work done pursuant to the Act and in peaceful application of the results thereof; and

(8) The most effective utilization and scientific and engineering resources of the United States, with close cooperation among all interested agencies of the United States in order to avoid unnecessary duplication of effort, facilities, and equipment.

8) Sec. 102(d) reads, it is purpose of this Act to carry out and effectuate the policies declared in subsection (a), (b), and (c).

9) Ivers does have years of work that unimaginably advances every NASA required activity under National Aeronautics and Space Act of 1958 but that in and of itself is not a reason that NASA must be made to act by this Court, it is all of NASA's own duties under its own governing agency law that amply justifies the writ of mandamus action against NASA. NASA is acting in direct violation of their own governing agency laws and will not

consider outside science unless it is ready for purchase or unless NASA or one of NASA's scientists have developed the science. Employees who develop science that are being paid directly for their scientific work are not only paid to work but are allowed to share in the pecuniary value of the Patents by awards. These often include relatively minor advancements. No stone is left unturned to advance NASA or a NASA employee on a relatively minor advancements. Ivers is here telling and showing NASA that Ivers has and in fact has sent the Patent to NASA that allows for true interstellar space travel in a way unimaginable without this patent. NASA because the science did not come from NASA itself, wherein NASA and their scientists' have direct pecuniary interests has not even let Ivers know if the Patent has been looked at. This is wrong and antithetical to NASA's Stated Mission, antithetical to NASA's own governing agency laws and duties set out in the National Aeronautics and Space Act of 1958.

10) Ivers reasonably relying on NASA's own governing agency laws and duties set out in the National Aeronautics and Space Act of 1958 and NASA's public statements made by NASA as well generally represented in NASA's public missions' statement, Henry Ivers spent years working on science that has resulted in the partially solving and unimaginably substantial advancing of all activities that NASA is mandated to do in NASA's own governing agency laws of the National Aeronautics and Space Act of 1958.

11) After years of scientific work, Henry Ivers sent on 5/12/2021 to NASA by Fed-Ex, a 3-page overview letter of Ivers' Patent, the 20-page Patent titled "Advancements in Revolving, Rotating and/or Propelling",

and an additional 3 pages of 4 drawings that are part of the Patent, and 8 Patent filing documentation pages all attached at the rear of this Complaint. The documents attached have been most minimally updated to make their reading easier, but no changes were made to the general principles and general methods allowing for the invention(s) since furnishing the Patent Document(s) to NASA on 5/12/2021.

12)      This Patent provides NASA the scientific technology necessary to travel space without the limitations of using rocket fuel and the opportunity to benefit the United States and mankind in an incredibly more meaningful way.

13)      The new propulsion system is far safer than using rocket fuel and allows for far more meaningful space exploration, i.e., not just getting to a planet after months, going down to the planet for a short while, and then having the precise amount of rocket fuel to travel home versus not needing rocket fuel, traveling much faster than using rocket fuel and able to stay and operate in space for years doing far more exploration that would bring far greater benefits to the United States and to mankind. This new propulsion system would avoid the massive polluting that constant rocket launches cause.

14)      The new propulsion system is vastly safer for astronauts because they would not be riding with massive amounts of highly explosive rocket fuel.

15)      NASA by not reasonably analyzing the Patent is adversely affecting Henry Ivers reasonable business interest and Ivers makes no claim here in such respect, but it does explain for the Court why Ivers wants NASA to be held to their governing law and duties but also because it is of benefit for the United States. Ivers prior to filing this lawsuit has spent more than 8 or 9 hours trying to contact NASA. NASA is a closed system and shockingly

closed off to accepting and valuing scientific work if it did not come from NASA.

16) Ivers propulsion system renders the use of rocket fueled spacecraft obsolete or partly obsolete, then NASA's delaying a reasonable analysis of Ivers technology comes at the unintended cost of more astronauts dying than need be, due to the inherent and grave risks of the use of rocket fuel.

17) The environment suffers from the continuous rocket launches NASA participates in alone and/or in conjunction with other companies and/or countries.

18) Ivers for obvious reasons would not offer this technology to China or Russia, so Ivers is limited in this way which further adds to NASA's need for reasonable conduct toward Ivers because NASA is a United States Government Agency and should be most concerned that this technology inures to U.S. via NASA. NASA has responsibilities set out NASA's own governing agency laws and duties set out in the National Aeronautics and Space Act of 1958 having to do with working responsibly with the Department of Defense.

19) NASA by not analyzing this Patent is violating NASA's duty under the National Aeronautics and Space Act of 1958 which requires:

20) NASA has a direct unequivocal responsibility to the Department of Defense.

21) NASA now possesses what are Patent Secrets and/or trade secrets and Ivers was induced to being in this position by NASA's false public statements that had Ivers conclude that NASA would treat these Patent Secrets and/or trade secrets with reasonableness.

22)    Ivers is denied any knowledge of the security and use Ivers Patent is occurring at NASA. NASA's behavior is outrageous and unreasonable based on NASA's public statements and NASA' s governing agency law.

Plaintiff requests an order from the Court directing NASA to acknowledge the spirit and intent of the commission Congress granted to and conferred upon NASA under the National Aeronautics and Space Act of 1958 by way of indicating to Plaintiff forthwith and in writing the nature and extent of interest, if any, NASA has in any of the device, invention, concept, or idea that is more fully described in the Patent and attached letter.

Henry Ivers
73 Puritan Road
Swampscott, MA  01907
Caliban333@outlook.com
781-596-0991

6/17/2021
date

Certificate of Service

I certify within 1 day of receiving the Docket Case # back from the Court, I will serve NASA, Office of the General Counsel, 300 E Street SW, Washington, DC 20024-3210, and Merrick Garland, Office of the U.S. Attorney General, 950 Pennsylvania Ave., N.W., Washington, DC 20530-0001, and Nathaniel Mandell, Acting U.S. Attorney for the District of Massachusetts, 1 Courthouse Way, Boston,

MA 02210, all by Fed Ex, using tracking #s, and I will perform service for the three recipients using, "Notices of Lawsuit and Request for Waiver of Service of Summons".


_Henry Ivers_                                    _6/17/2021_
Henry Ivers                                        date
73 Puritan Road,
Swampscott, MA 01907
781-596-0991
Caliban333@outlook.com