UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HENRY IVERS,

Plaintiff,

v.

NATIONAL AERONAUTICS AND SPACE
ADMINISTRATION,

Defendant.

Civil Action No. 21-11026-WGY

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Plaintiff Henry Ivers seeks a court order directing NASA to state whether it has any interest in using his allegedly patented propulsion system.[1]  According to Plaintiff, this technology would allow "for true interstellar space travel" "without the limitations of using rocket fuel," thereby advancing the objectives laid out in NASA's enabling statute and mission statement.  Plaintiff therefore claims that, by not considering his "patent," NASA has violated its enabling statute and failed to fulfill its mission statement.  The fundamental problem with this lawsuit, however, is that neither the enabling statute nor the mission statement creates legally enforceable duties owed by NASA to Plaintiff—or otherwise waives the federal government's immunity from suit.  The Court should therefore dismiss the complaint for lack of subject matter jurisdiction.

I.      BACKGROUND

        A.      **Legal Framework**

---

[1] Although Plaintiff repeatedly refers to a "patent," Exhibit 1 to the complaint shows only that Plaintiff filed a provisional patent *application* with the United States Patent and Trademark Office on May 12, 2021.  *See* ECF No. 1-1 at 27.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *see also, e.g.*, *United States v. Navajo Nation*, 556 U.S. 287, 289 (2009) ("The Federal Government cannot be sued without its consent"). To sue the United States, including one of its agencies, a plaintiff must therefore identify an express waiver in the text of a federal law and show that his claim falls within its scope. *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) ("Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity together with a claim falling within the terms of the waiver" (internal citation omitted)). Otherwise, no court has the power—that is, jurisdiction—to hear the plaintiff's claim. *Meyer*, 510 U.S. at 475 ("Sovereign immunity is jurisdictional in nature").

### B.     The Complaint

According to the complaint, Plaintiff is a resident of Swampscott, Massachusetts, who—although not an employee or contractor of NASA—has "spent years working on science" in hopes of helping advance the agency's mission.  Complaint (ECF No. 1) ¶¶ 1, 9, 10.  Specifically, Plaintiff claims that he has patented a new type of "propulsion system" that does not require "rocket fuel," thereby enabling "true interstellar space travel." *Id.* at ¶¶ 9, 12, 13.  Plaintiff further alleges that, in May 2021, he sent NASA a "3-page overview letter" describing this technology, but that the agency has not bothered "analyzing" it merely because "the science did not come from NASA itself." *Id.* ¶¶ 9, 11, 15.

In Plaintiff's view, by not evaluating his technology, NASA has violated the objectives of its enabling statute, *id.* ¶ 19, which include "[t]he expansion of human knowledge of the Earth and of phenomena in the atmosphere and space" as well as "[t]he most effective utilization of the

scientific and engineering resources of the United States."  51 U.S.C. § 20102(d).[2]  He also claims

that NASA's actions are "antithetical" to its "Mission Statement," which he says commits the

agency to "[d]riv[ing] scientific advancement" and "[p]ioneer[ing] space exploration," among

other things.  Complaint ¶ 5.[3]  As a result, Plaintiff seeks an injunction requiring NASA to

"indicat[e] to Plaintiff forthwith and in writing the nature and extent of interest, if any," that the

agency has in utilizing his propulsion technology.[4]  *Id.* at 7.  Plaintiff does not seek damages.  *Id.*

¶ 3.

## II.    STANDARD

A district court should dismiss claims under Federal Rule of Civil Procedure 12(b)(1) when

it lacks subject matter jurisdiction to decide them.  That includes where, as here, the federal

government has not waived its sovereign immunity for the types of claims at issue.  *Meyer*, 510

U.S. at 475.  "In ruling on a motion to dismiss for lack of jurisdiction, 'the district court must

construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable

inferences in favor of plaintiff.'"  *Excel Home Care, Inc. v. U.S. Dep't of Health & Human Servs.*,

---

[2] Although Congress passed NASA's enabling statute—the National Aeronautics and Space Act—in 1958, *see* Pub. L. 85–568, it re-codified the law with some revisions in 2010, *see* Pub. L. 111–314.  The relevant portion for purposes of this case is located at 51 U.S.C. § 20102.

[3] The source of this "Mission Statement" is unclear, as Plaintiff does not provide a citation and the quoted objectives do not appear in the agency's "Mission" as described on its public website.  *See* https://www.nasa.gov/careers/our-mission-and-values.

[4] The complaint correctly recognizes that a plaintiff in district court may seek only "injunctive relief in the nature of a writ of mandamus," Complaint ¶ 4, as opposed to a writ of mandamus itself.  *See* Fed. R. Civ. P. 81(b) ("The writs of scire facias and mandamus are abolished").  "Federal Rule of Civil Procedure 81(b) abolished the writ of mandamus in the district courts, but relief 'in the nature of mandamus' may still be obtained through an appropriate action or motion."  *Sanchez-Espinoza v. Reagan*, 770 F.2d 202, 207 n.7 (D.C. Cir. 1985) (Scalia, J.).

316 B.R. 565, 568 (D. Mass. 2004) (citation omitted).  But "[t]hat is not to say that this leniency eliminates the plaintiff's burden of proving an appropriate jurisdictional basis." *Id.*  "A plaintiff seeking to bring suit against the government cannot withstand a motion to dismiss merely by articulating a theory of liability without first demonstrating a waiver of sovereign immunity." *Cordeiro v. Brock*, 698 F.Supp. 373, 374 (D. Mass. 1988).

## III.    ARGUMENT

Plaintiff's suit against NASA fails because the federal government has not waived its sovereign immunity in this context.

*First*, Plaintiff alleges that NASA—by not reviewing his "patent"—continues to contravene the objectives laid out in its enabling statute and "mission statement."  The United States has not, however, waived its immunity for this type of claim.  Plaintiff notes that the enabling statute includes a "Congressional declaration of policy and purpose," which states that the agency's activities "shall be conducted so as to contribute" to several broad and aspirational objectives, including "[t]he search for life's origin . . . and future in the universe."  51 U.S.C. § 20102(d).  But a declaration of policies and purposes does not, without more, create a cause of action against the United States; after all, "a waiver [of sovereign immunity] cannot be implied but must be unequivocally expressed."  *United States v. King*, 395 U.S. 1, 4 (1969).  The same necessarily holds true for an agency's mission statement, which is not even a law—let alone a law that expressly waives sovereign immunity.  *Cf. Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010) ("*Congress* must unequivocally waive sovereign immunity" (emphasis added, quotation marks omitted)).

To that end, courts have regularly rejected claims that seek merely to vindicate statements of policy and purpose.  *See, e.g.*, *Nemitz v. United States*, 2004 WL 3167042, at *1 (D. Nev. Apr.

26, 2004) ("the 'Congressional declaration of policy and purpose' for NASA" does not establish any "legal basis for [plaintiff's] claim"); *Bear Valley Mut. Water Co. v. Jewell*, 790 F.3d 977, 987 (9th Cir. 2015) ("It is well established that such declarations do not create substantive or enforceable rights").  Simply put, Plaintiff cannot sue NASA merely for declining to take actions that, in his view, might help further its mission.  Although the text of NASA's enabling statute sets forth broad and high-minded objectives, it does not remotely authorize claims against the agency for failing to fulfill those objectives.  As such, this Court lacks jurisdiction over Plaintiff's suit. *Muirhead v. Mecham*, 427 F.3d 14, 17 (1st Cir. 2005) ("In the absence of an applicable waiver, courts lack jurisdiction to entertain claims against the United States").

*Second*, while Plaintiff asserts violations of NASA's enabling statute, he seeks relief under the All Writs Act, which authorizes courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions."  28 U.S.C. § 1651(a).  But that statute does not waive the federal government's sovereign immunity either.  The All Writs Act merely permits courts to issue writs "in aid of" their pre-existing jurisdiction over a lawsuit—it does not confer jurisdiction in the first place, let alone permit suits against the United States.  *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002) ("the All Writs Act does not confer jurisdiction on the federal courts"); *Optum, Inc. v. Smith*, 366 F.Supp.3d 156, 160 (D. Mass. 2019) ("the All Writs Act permits writs in aid of jurisdiction, but does not itself create jurisdiction" (citation omitted)).  Put another way, the All Writs Act "can only be invoked in aid of jurisdiction the court already has."  *Tavares v. Massachusetts*, 59 F.Supp.2d 152, 154 (D. Mass. 1999).  Because this Court does not already have jurisdiction, Plaintiff cannot invoke the All Writs Act.[5]

---

[5] Plaintiff certainly cannot invoke the All Writs Act to obtain his requested injunction, which has nothing to do with "jurisdiction."

*Third*, even if Plaintiff meant to seek relief under the Mandamus Act—as opposed to the All Writs Act—the result would be the same.  The Mandamus Act vests district courts with "original jurisdiction" over actions "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  Still, it "do[es] not constitute a waiver of sovereign immunity."  *Coggeshall Dev. Corp. v. Diamond*, 884 F.2d 1, 3 (1st Cir. 1989); *Muirhead*, 427 F.3d at 18 (same).  The mere fact that a statute confers jurisdiction over certain types of claims does not mean that it waives sovereign immunity for those types of claims.  *Cf. Coggeshall*, 884 F.2d at 4 ("28 U.S.C. § 1361. . . is not a general waiver of sovereign immunity . . . [i]t merely establishes a subject matter that is within the competence of federal courts to entertain").  Indeed, that is why the federal question statute (28 U.S.C. § 1331) does not waive sovereign immunity for every suit that raises a federal question.  *Crawford v. U.S. Marine Corps*, No. 12-11477-WGY, 2013 WL 2096174, at *1 (D. Mass. May 13, 2013).  A plaintiff seeking mandamus relief *against the federal government* must therefore still identify a waiver of sovereign immunity.  Having failed to do so, Plaintiff cannot proceed against NASA.[6]

Finally, and in all events, the Mandamus Act can only be invoked in extraordinary circumstances to enforce "a clear nondiscretionary duty" owed by the defendant to the plaintiff.

---

[6] To be sure, sovereign immunity may not apply to allegations that an individual official has disregarded a clear legal duty—the reason being that when individual officials act contrary to law, they are not actually acting on behalf of the "sovereign."  *Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 689 (1949); *Muirhead*, 427 F.3d at 19 ("the justification for granting relief is the notion that the officer is not cloaked with legitimate sovereign power when he acts [illegally]").  Here, however, Plaintiff filed suit against NASA, not any individual official.  Accordingly, the Mandamus Act does not apply, and sovereign immunity continues to bar this suit.  *Muirhead*, 427 F.3d at 18 ("the mandamus statute applies only to officers and employees of the United States"); *Elgin v. U.S. Dep't of Treasury*, 641 F.3d 6, 8 (1st Cir. 2011) (exception to sovereign immunity for suits against individuals does not apply to "[s]uits against the federal government itself or its departments").

*Heckler v. Ringer*, 466 U.S. 602, 616 (1984).  Here, although the complaint identifies statutory objectives that NASA should aim to fulfill, none of these objectives includes a clear nondiscretionary duty owed *to Plaintiff*—let alone a clear nondiscretionary duty to evaluate his propulsion technology.  *Am. Waterways Operators v. United States Coast Guard*, 2020 WL 360493, at *8 (D. Mass. Jan. 22, 2020) ("For a mandamus action to lie, a plaintiff must identify a source of the duty owed to them").  Thus, even if Plaintiff had sought relief under the Mandamus Act, this Court would still lack jurisdiction over his claim.  *See, e.g.*, *Mayburg v. Sec'y of Health & Hum. Servs.*, 740 F.2d 100, 108 (1st Cir. 1984) (Because statutory requirements were not met, "mandamus jurisdiction d[id] not extend to any of the claims"); *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016) ("These [mandamus] requirements are jurisdictional").[7]

## IV.   CONCLUSION

The Court should dismiss the complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

Dated:  August 20, 2021                          By:     */s/ Michael L. Fitzgerald*
                                                        MICHAEL L. FITZGERALD
                                                        Assistant United States Attorney
                                                        U.S. Attorney's Office
                                                        1 Courthouse Way, Ste. 9200
                                                        Boston, MA 02210
                                                        (617) 748-3266
                                                        michael.fitzgerald2@usdoj.gov

---

[7] If this Court were to find that it has jurisdiction and that the Mandamus Act's requirements are merits requirements instead, it should dismiss the complaint for failure to state a claim for the same reason—i.e., that NASA has no "clear nondiscretionary duty" to review Plaintiff's claimed invention.

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Michael L. Fitzgerald*
MICHAEL L. FITZGERALD
Assistant U.S. Attorney

Dated:  August 20, 2021